IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2003

## STATE OF TENNESSEE v. TOMMY FRANKLIN POE

**Appeal from the Circuit Court for McNairy County**
**No. 1465B     Jon Kerry Blackwood, Judge**

---

**No. W2002-02737-CCA-R3-CD  - Filed July 2, 2003**

---

The Appellant, Tommy Franklin Poe, pled guilty to second degree murder, a class A felony, and was sentenced to twenty-five years to be served at 100% in the Department of Correction. In addition, the trial court ordered that this sentence be served consecutively to "any unserved sentence." On appeal, Poe contends that his sentence was improper because the trial court's decision provides no rationale for imposition of consecutive sentences or for service of his sentence at 100%. Finding no error, the judgment of the McNairy County Circuit Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Didi Christie, Brownsville, Tennessee, for the Appellant, Tommy Franklin Poe.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Jerry W. Norwood, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

Although a record of the guilty plea hearing was not included in the record on appeal, we glean the following facts from the transcript of the sentencing hearing.

> [T]he State was prepared to prove if this case went to trial, part of that would have
> been that Mr. Poe and Mr. Crowe, and the girlfriend, Ms. Borden, were together over
> there at the house. They had got Ms. Borden to go down to the victim's house to try
> to get some weed. And I think part of it was that she was going – they didn't have

no money or anything. She was going to try to flirt with him and try to get some drugs and things. She didn't bring any back on that. Then they go down there, she knocks on the door for purposes of getting him to the door. All three of them standing there, Tommy Poe has got a ball bat, Mr. Crowe is there, and Ms. Borden is also there. When he answered the door for Ms. Borden, Mr. Poe hits him on the head with a ball bat. From there it goes on. . . . [T]he State had filed a copy of the autopsy report where it shows the multiple injuries [from being hit with a bat]. Also, multiple cuts to the throat.

On February 11, 2002, the Appellant and Anthony Joe Crowe were indicted for the first degree, premeditated murder of Bobby Joe Smith. On June 24, 2002, the Appellant pled guilty to second degree murder. The Appellant's initial sentencing hearing was scheduled for July 11, 2002, but was postponed, when he escaped from the McNairy County Jail. A sentencing hearing was ultimately held on July 25, 2002, and the trial court, finding two enhancement factors applicable, imposed a sentence of twenty-five years as a violent offender. This appeal followed.

## ANALYSIS

The Appellant contends that the trial court failed to articulate any specific findings on the record to support his sentence and, therefore, the case should be remanded for a new sentencing hearing. Specifically, he argues that the trial court did not explain how it concluded that he "should serve 100 percent of his sentence or why the service should be consecutive."

First, with regard to service of the Appellant's sentence at 100%, Tennessee Code Annotated § 40-35-501(i)(1) (Supp. 2002), provides that a defendant shall serve one hundred percent of the sentence for second degree murder as imposed by the trial court, less sentence credits earned and retained. The imposition of one hundred percent service is not discretionary with the court; the classification is statutorily mandated. Furthermore, we note that the plea agreement, which was signed by the Appellant and counsel, states that the Appellant's sentence will be served at 100%. We conclude that the trial court did not err by ordering service of the Appellant's sentence for second degree murder at one hundred percent, without further explanation. This issue is without merit.

Second, the Appellant argues that the trial court failed to articulate specific findings of fact to support the imposition of consecutive sentencing. The judgment form reflects that the Appellant's twenty-five-year sentence is to be served consecutively to "any unserved sentence." Furthermore, at the sentencing hearing, the trial court stated, "This sentence will run consecutive to any sentence – prior sentence he's currently serving." No prior unserved sentence was disclosed to the trial court during sentencing, and none is apparent from the record as presented to this court. Rule 32(c)(2), of the Tennessee Rules of Criminal Procedure, provides that:

Should prior unserved in-state sentences not be called to the attention of the trial judge by or on behalf of the defendant at the time of sentencing, and set out in

judgment setting the new sentence, the new sentence shall be deemed to be consecutive to any such undisclosed prior unserved sentence or sentences . . . . If the defendant has additional sentences or portions thereof to serve, as the result of conviction in other states or in federal court, the sentence imposed shall be consecutive thereto unless the court shall determine in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders.

Accordingly, the trial court was simply stating at the sentencing hearing and in the judgment form what would otherwise occur by operation of Rule 32(c)(2).  This issue is, likewise, without merit.

## CONCLUSION

Based upon the foregoing reasons, we affirm the twenty-five-year sentence as imposed by the McNairy County Circuit Court.

_____

DAVID G. HAYES, JUDGE